UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA BROWN,

    Plaintiff,

v.

Case No. 13-11086
Hon. Lawrence P. Zatkoff

ORLANS ASSOCIATES, P.C., and
LINDA ORLANS

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 12, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted her *pro se* complaint [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on March 11, 2013. Plaintiff subsequently amended her complaint on March 12, 2013 [dkt 3]. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and Plaintiff's *pro se* amended complaint is DISMISSED.

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses

that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's Application to proceed *in forma pauperis* [dkt 2].

**B. Review of Plaintiff's Complaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds that Plaintiff's complaint fails to state any claim upon which relief can be granted.

**i. Background**

The facts surrounding the instant case were adequately described in one of the two already-dismissed companion cases before Judge Gershwin Drain in this District:

> On or about June 6, 2005, Plaintiff granted a mortgage against the Property to First Franklin . . . in order to secure financing in the amount of $111,100.00 to purchase the Property. The mortgage was recorded on June 15, 2005 in Liber 2940, Page 932, Monroe County Records. The mortgage was later assigned from First Franklin, a Division of National City Bank of Indiana, to First Franklin Financial Corporation via an Assignment of mortgage recorded on January 30, 2006 in Liber 3060, Page 160, Monroe County Records. Thereafter, First Franklin Financial Corporation assigned the mortgage to Defendant. The assignment of mortgage was recorded on December 10, 2010 in Instrument Number 2010R22609, Monroe County Records.
>
> On September 22, 2010, Plaintiff filed a Chapter 13 Bankruptcy Petition. Plaintiff defaulted under the terms of the mortgage and note due to nonpayment of the monthly installment payments. After the notices required by Mich. Comp. Laws § 600.3205a were provided and Plaintiff failed to request a meeting or otherwise cure the default, Defendant initiated foreclosure by advertisement. A foreclosure sale was held on December 29, 2011, where Defendant was the successful bidder. The statutory redemption period expired on June 29, 2012.
>
> On May 21, 2012, Plaintiff filed *Brown v. Steel Capital Steel*, No. 12–12234, which has already been dismissed by this Court. The present action raises the same claims and legal arguments as the complaint filed in civil action *Brown v. Steel Capital Steel*, No. 12–12234. Specifically, Plaintiff brings the following claims: (1) Lack of Standing, (2) Fraud and Misrepresentation, (3) Violation of the Michigan Consumer Protection Act, (4) Violation of the Fair Debt Collections Practices Act, (5) Violation of the Truth in Lending Act, (6) Violation of UCC–3–302, (7) Negligent Undertaking, and (8) Negligent Misrepresentations. Similar to *Brown v. Steel Capital Steel*, No. 12–12234, Plaintiff's claims are subject to dismissal because she fails to state any claims entitling her to the relief sought in the complaint.

*Brown v. Steel Capital Steel, LLC*, No. 13-10026, 2013 WL 765310, at *1 (E.D. Mich. Feb. 28, 2013).

In the instant action, Plaintiff names as Defendants Orlans Associates, P.C. ("Orlans") and its principal, Linda Orlans—both of which were unnamed in the previous lawsuits. Orlans was the law firm retained by the defendants in other cases to provide legal services in relation to Plaintiff's foreclosure and eviction matters. Plaintiff's complaint generally alleges that Defendant "prepared fraudulent documents for their financial gain" and "devised or intending [sic] to devise a scheme to defraud [Plaintiff], to obtain money and [Plaintiff's] property by means of false or fraudulent pretenses, representations, and counterfeit notes . . . ."

### ii. Count I-Violation of 42 U.S.C. § 1985(3)

Plaintiff first asserts a violation of 42 U.S.C. § 1985(3), which "prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). To maintain a cause of action pursuant to a § 1985 claim, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky*, 395 F.3d at 314 (6th Cir. 2005) (citations omitted).

In alleging conspiracy, Plaintiff must demonstrate "'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the [Defendants'] actions.'" *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)). Plaintiff's allegations in the instant case wholly fail to demonstrate either a conspiracy or "*class-based* discriminatory animus", and the Court will not presume such animus existed. *See Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992).

4

Accordingly, the Court dismisses Count I of Plaintiff's amended complaint for failure to state a cognizable claim.

### iii. Count II-Fraud

Plaintiff's next cause of action is captioned, "Fraud by Omission or Nondisclosure". Plaintiff's sole allegation surrounding her fraud claim is as follows:

> The Defendants knew the Affidavit was neither true nor accurate, and then overzealously opposed the Plaintiff with the assignment of mortgage which would prove both their knowledge and intentional misrepresentations; they were attempting to defraud the Plaintiff by nondisclosure.

In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Fed.R.Civ.P. 9(b). The Sixth Circuit has further interpreted this rule to require a plaintiff to: "(1) specify the statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir.2008) (citations omitted). Complaints that fail to conform to the pleading requirements of Rule 9(b) are subject to dismissal. *Id.*

It is beyond dispute that, even construing Plaintiff's amended complaint under the most liberal standard afforded to *pro se* litigants, Plaintiff's above-cited allegation grossly fails to satisfy the pleading requirements under Fed. R. Civ. P. 9(b). The Court therefore dismisses Plaintiff's fraud claim as failing to comport with Rule 9.

### iv. Count III-Common Law Conspiracy

Plaintiff also has failed to plead a viable common law conspiracy claim. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."

*Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313 (1992). In order to sustain a claim for civil conspiracy, "it is necessary to prove a separate, actionable tort." *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003) (citation omitted). Here, Plaintiff's amended complaint fails to establish any separate and actionable underlying tort and, therefore, her conspiracy claim must be dismissed as a matter of law.

### v. Count IV-Negligent Infliction of Emotional Distress

Michigan courts recognize a very limited negligent infliction of emotional distress tort. To advance such a claim, Plaintiff must show:

> (1) a serious injury is threatened or inflicted *on a third person,* (2) the nature of the injury is such as to cause severe mental disturbance to [P]laintiff, (3) the shock results in actual physical harm, (4) [P]laintiff is a member of the third person's immediate family, and (5) [P]laintiff is present at the time the third person is injured or suffers shock fairly contemporaneously with that injury.

*Kogelshatz v. Gendernalik Funeral Home, Inc.*, No. 293977, 2010 WL 4628678, at *4 (Mich. App. Nov.16, 2010) (emphasis added). Plaintiff here merely alleges that she has been, and will continue to be, inflicted with emotional distress due to the negligence of Defendants. Plaintiff has not, however, claimed that she witnessed actual or imminent injury to a third person—or for that matter, an immediate family member. Therefore, Plaintiff's negligent infliction of emotional distress claim necessarily fails and must be dismissed.

### vi. Count V-Intentional Infliction of Emotional Distress

Plaintiff lastly asserts a claim for intentional infliction of emotional distress. In order to invoke this tort, Plaintiff must establish: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Haverbush v. Powelson,* 217 Mich. App. 228, 234 (1996). "Liability for . . . intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v. Mills,* 212 Mich. App. 73, 91 (1995). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* Applied to the instant case, Plaintiff's allegations surrounding this claim entirely fail to demonstrate that Defendants' conduct was "extreme" or "outrageous". As such, the Court dismisses Count V of Plaintiff's amended complaint for failure to state a claim.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's amended complaint [dkt 3] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [dkt 6] is DENIED as MOOT.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE

Dated: April 12, 2013